**UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | |
|---|---|
| SCHOLLE IPN PACKAGING, INC., and LIBERTY SURPLUS INSURANCE CORPORATION, as Subrogee of Scholle IPN Packaging, Inc., <br><br>      Plaintiffs, <br>v. <br><br>VALFILM, LLC, <br><br>      Defendant. | Case No. 1:18-cv-01883 |

**COMPLAINT AND JURY DEMAND**

NOW COME Plaintiffs, SCHOLLE IPN PACKAGING, INC. and LIBERTY SURPLUS INSURANCE CORPORATION, as Subrogee of Scholle IPN Packaging, Inc., by and through their counsel, Patterson Law Firm, LLC, and hereby file this cause of action against Defendant, VALFILM, LLC, and respectfully state as follows:

**PARTIES**

1. Plaintiff Scholle IPN Packaging, Inc. (hereinafter, "Scholle"), is a Nevada corporation with its principal place of business located at 200 West North Ave., Northlake, Illinois 60164.

2. Plaintiff Liberty Surplus Insurance Corporation, (hereinafter, "LSIC"), is a New Hampshire corporation with its principal place of business located in the State of Massachusetts. LSIC is duly authorized to issue policies of insurance in the State of Illinois.

3. Upon information and belief, Valfilm, LLC, (hereinafter "Valfilm"), is a limited liability company structured in the state of Ohio, that specializes in developing,

1

manufacturing, and marketing flexible plastic products. Valfilm is headquartered at 3441 North Main Street, Findlay, Ohio 45840.

## JURISDICTION AND VENUE

4. The amount in controversy in this lawsuit is within the jurisdiction of this Court and exceeds the Court's minimum requirement of $75,000.00.

5. The United States District Court for the Northern District of Illinois has jurisdiction under 28 U.S.C. §1332 by reason of diversity of citizenship.

6. Venue is proper under 28 U.S.C. 1391 based on a contractual agreement providing for litigation in Illinois state and federal courts.

## FACTUAL ALLEGATIONS

7. At all relevant times hereto, LSIC provided packaging protection product recall insurance to Scholle pursuant to policy # GCM3000092-0615.

8. Scholle is a performance packaging company that manufactures, among other products, five (5) gallon plastic bags with fitment spouts used to package soft drink syrup (the "Product").

9. Scholle manufactures and sells the Product to various customers, including the Coca-Cola Company ("Coca-Cola"), who uses the Product in its production of syrup bags that are ultimately used at restaurants, hotels and other service centers.

10. On or about February 19, 2016, Scholle entered into an agreement (Purchase Order No. 141003189) with Valfilm by which Valfilm agreed to provide Scholle with film product to be incorporated into Scholle's final Product.

11. Scholle used Valfilm's film from Purchase Order No 141003189 in final manufacturing of the Product.

12. Scholle delivered the Product that incorporated the Valfilm film to various Coca-Cola facilities, including Atlanta, Dallas, Lehigh, and Columbus from March 15, 2016 through March 20, 2016.

13. On or about March 21, 2016, Coca-Cola informed Scholle that the Product was leaking syrup at its various facilities.

14. Upon information and belief, Coca-Cola discovered the leaking Product at its facilities prior to the Product reaching its commercial customers.

15. Subsequent investigations into the matter revealed that the Product was leaking due to the Product's film being defective.

16. The film product provided by Valfilm to Scholle was defective in that, at a minimum, Valfilm improperly corona treated the film contrary to the specifications and Valfilm's own label.

17. As a result of Valfilm's defective film, Scholle initiated a recall of the Product.

18. As a result of the recall due to Valfilm's defective film, Scholle was required by a BIB Bag Supply Agreement to indemnify and reimburse Coca-Cola for its damages, including, but not limited to loss of product, clean-up costs, disposal, and extra charges for the replacement of its products.

19. In addition to incurring indemnity costs, Scholle sustained additional damages while responding to, issuing, and carrying out its recall.

20. As a result of the defective film provided by Valfilm, property other than the film itself was damaged, including but not limited to syrup, other products, other personal property, and real property.

21. As a result of the recall which resulted in Scholle incurring significant damages, Scholle made a claim to LSIC, and under the policy terms, LSIC issued payment to Scholle.

22. As a result of this payment, LSIC is subrogated to certain of Scholle's recovery rights against Defendant Valfilm.

23. In addition to the claim made to LSIC, Scholle also incurred substantial additional damages, including but not limited to, its retention, which Scholle is pursuing in this action.

## COUNT I

## BREACH OF CONTRACT

24. Plaintiffs hereby re-allege and incorporate by reference paragraphs 1 through 23 as if fully stated herein.

25. Defendant Valfilm entered into a purchase agreement (Purchase Order No. 141003189) with Scholle to supply film for the Product.

26. The agreement had valid consideration as it included the sale of film for monetary compensation.

27. Pursuant to the agreement, Defendant Valfilm was to supply film that was untreated and that did not contain any defects or hazards.

28. Defendant Valfilm breached the terms of the agreement by one or more of the following acts or omissions:

    a. Failing to supply untreated film in accordance with all applicable terms and conditions as described under the agreement;

    b. Failing to use due care and safety to ensure that its film was untreated, of good quality, fit for its intended purpose, and free from any defects or hazards;

    c. Failing to recognize the likelihood of damages related to supplying a defective product;

    d. Failing to take all necessary and reasonable precautions to prevent the loss and damages that Plaintiffs incurred;

    e. Failing to act in good faith and deal fairly; and

    f. Any other acts and omissions that may become known during the course of discovery.

29. Plaintiffs met all conditions as required by the agreement and Defendant Valfilm's non-performance is not excused by law.

30. As a direct and proximate result of Valfilm's breach of its Contract with Scholle, Plaintiffs suffered damages in an amount to be determined at trial but believed to be in excess of $1,765,000.

WHEREFORE, Plaintiffs hereby request that this Court grant Judgment in favor of Plaintiffs against Defendant Valfilm, awarding Plaintiffs recoverable damages, plus pre-judgment interest, post-judgment interest, attorney fees and all costs of this litigation, and for trial by jury and all other remedies this Court deems appropriate.

## COUNT II

## NEGLIGENCE

31. Plaintiffs hereby re-allege and incorporate by reference paragraphs 1 through 30 as if fully stated herein.

32. At all relevant times, Defendant Valfilm owed a duty to exercise reasonable care in the design, manufacture, treatment and/or distribution of its film product.

33. At all relevant times, Defendant breached its duties owed to Plaintiffs and was negligent through its acts and/or omissions, including, but not limited to the following:

    a. Failing to follow specifications and by improperly corona treating the film product during its design and manufacturing process;

    b. Negligently designing, manufacturing, treating and/or distributing the film so that it was unfit for its intended use and/or purpose.

    c. Failing to use due care and safety to ensure that the design of the film would not cause an unreasonable risk of danger or malfunction;

    d. Failing to take all reasonable precautions to prevent the damages that resulted from corona treating the film; and

    e. Any other acts and/or omissions which become known during the course of discovery.

34. As a direct, foreseeable, and proximate result of Defendant's negligence and/or reckless acts and/or omissions, Plaintiffs suffered damages in an amount to be determined at trial but believed to be in excess of $1,765,000.

WHEREFORE, Plaintiffs hereby request that this Court grant Judgment in favor of Plaintiffs against Defendant Valfilm, awarding Plaintiffs recoverable damages, plus pre-judgment interest, post-judgment interest, attorney fees and all costs of this litigation, and for trial by jury and all other remedies this Court deems appropriate.

## COUNT III

## STRICT PRODUCT LIABILITY

35. Plaintiffs hereby re-allege and incorporate paragraphs 1 through 34 as if fully stated herein.

36. At all relevant times, Defendant was in the business of manufacturing, designing, assembling, producing, inspecting, treating, testing, selling, and/or otherwise placing into the stream of commerce film product, such as the one at issue in this case.

37. Defendant, in whole or in part, manufactured, designed, assembled, produced, inspected, tested, treated, sold, and/or placed the film product into the stream of commerce.

38. Defendant improperly corona treated the film product at issue, contrary to the relevant specifications and Defendant's own label.

39. At the time the film in question left the control of the Defendant and as a result of the improper corona treatment, a defect existed that rendered the film product unreasonably dangerous.

40. At the time the film left the control of Defendant, Valfilm knew, or reasonably should have known that the film in question would be used by Scholle and/or its employees and/or customers without inspection for defects such as the improper corona treatment.

41. At the time the film left control of Defendant, the use to which the film would be put by Scholle and its customers was reasonably foreseeable to Valfilm.

42. The defect in the film caused Scholle's Product to leak, requiring Scholle to indemnify its customer, issue a recall, and incur other related costs.

43. The defect was not contemplated by the average consumer, such as Scholle, and/or its customers.

44. The unreasonably dangerous and defective condition of the film as a result of the corona treatment was neither plainly apparent nor discoverable by Scholle and/or its employees, or any other expected customer, in the manner in which it was used at the time of the recall.

45. The film was only used for its intended purpose and was not altered after it was manufactured by the Defendant.

46. As a direct and proximate result of Valfilm's improperly corona treated and defective film, property other than the film product itself was also damaged, including but not limited to syrup, other products, other personal property, and real property.

47. As a direct and proximate result of the unreasonable and defective condition of the film product, Plaintiffs sustained damages in an amount to be determined at trial but believed to be in excess of $1,765,000.

WHEREFORE, Plaintiffs hereby request that this Court grant Judgment in favor of Plaintiffs against Defendant Valfilm, awarding Plaintiffs recoverable damages, plus pre-judgment interest, post-judgment interest, attorney fees and all costs of this litigation, and for trial by jury and all other remedies this Court deems appropriate.

## COUNT IV

## BREACH OF EXPRESS WARRANTY

48. Plaintiff hereby re-alleges and incorporates by reference paragraphs 1 through 47 as if fully stated herein.

49. Defendant Valfilm sold goods, the above-mentioned film, to Scholle.

50. Defendant Valfilm made an affirmation of fact and promise about the quality of the goods, the above-mentioned film.

51. A description of the goods was included in the contract of the sale of the film that was the basis of the bargain, such that a warranty was created that the film would conform to the description.

52. Defendant Valfilm expressly warranted that the film product at issue was:

   a. in good quality;

   b. generally fit for its intended purpose;

   c. merchantable; and

   d. free from defect.

53. In addition, Defendant Valfilm expressly warranted that the film product would not be corona treated and would fully conform with the relevant specifications, descriptions, drawings, and samples furnished to Defendant.

54. Scholle relied upon Defendant Valfilm's expressed warranties regarding its specialized knowledge, expertise, experience, skills, and judgment to properly perform its duties under the contract in a manner that would not present an unreasonable risk of harm or place an undue burden upon Scholle or Scholle's Product.

55. The film product, as sold, did not conform to the express warranties.

56. As a direct and proximate result of Defendant Valfilm's breach of its express warranties, Plaintiffs suffered damages in an amount to be determined at trial but believed to be in excess of $1,765,000.

WHEREFORE, Plaintiffs hereby request that this Court grant Judgment in favor of Plaintiffs against Defendant Valfilm, awarding Plaintiffs recoverable damages, plus pre-judgment interest, post-judgment interest, attorney fees and all costs of this litigation, and for trial by jury and all other remedies this Court deems appropriate.

## COUNT V

## BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

57. Plaintiff hereby re-alleges and incorporates by reference paragraphs 1 through 56 as if fully stated herein.

58. Defendant Valfilm sold goods, the above-mentioned film product, to Scholle.

59. Defendant Valfilm is a merchant with respect to goods of the kind sold to Scholle, the above-mentioned film product.

60. The goods sold to Scholle, the above-mentioned film product, were not merchantable at the time of the sale, as said goods were defective due to the corona treatment performed by Valfilm.

61. Scholle relied upon Defendant Valfilm's specialized knowledge, expertise, experience, skills, and judgment to properly perform its duties under the contract in a manner that would not present an unreasonable risk of harm or place an undue burden upon Scholle or Scholle's Product.

62. As a direct and proximate result of Defendant Valfilm's breach of its implied warranty of merchantability, Plaintiffs suffered damages in an amount to be determined at trial but believed to be in excess of $1,765,000.

WHEREFORE, Plaintiffs hereby request that this Court grant Judgment in favor of Plaintiffs against Defendant Valfilm, awarding Plaintiffs recoverable damages, plus pre-judgment interest, post-judgment interest, attorney fees and all costs of this litigation, and for trial by jury and all other remedies this Court deems appropriate.

## COUNT VI

### BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE

63. Plaintiff hereby re-alleges and incorporates by reference paragraphs 1 through 62 as if fully stated herein.

64. Defendant Valfilm sold goods, the above-mentioned film product, to Scholle.

65. Prior to the sale, Defendant Valfilm had reason to know the particular purpose for which Scholle bought the goods, the above-mentioned film product.

66. Defendant Valfilm had reason to know Scholle was relying on Valfilm's skill, knowledge, expertise, experience, and judgment to select goods suitable for the particular purpose for which Scholle bought the goods, the above-mentioned film product.

67. Scholle relied on Defendant Valfilm to select the appropriate goods, the above-mentioned film product.

68. The goods, the above-mentioned film product, were not suitable for the particular purpose for which Scholle bought the goods, specifically use in Scholle's Product.

69. As a direct and proximate result of Defendant Valfilm's breach of its implied warranty of fitness for a particular purpose, Plaintiffs suffered damages in an amount to be determined at trial but believed to be in excess of $1,765,000.

WHEREFORE, Plaintiffs hereby request that this Court grant Judgment in favor of Plaintiffs against Defendant Valfilm, awarding Plaintiffs recoverable damages, plus pre-judgment interest, post-judgment interest, attorney fees and all costs of this litigation, and for trial by jury and all other remedies this Court deems appropriate.

## COUNT VII

## BREACH OF INDEMNITY

70. Plaintiffs hereby re-allege and incorporate by reference paragraphs 1 through 69 as if fully stated herein.

71. The agreement in place between Defendant Valfilm and Scholle required Valfilm to indemnify and hold harmless Scholle from and against all losses, liabilities, claims and/or demands as a result of Valfilm's failure to perform under the agreement or Valfilm's acts and/or omissions.

72. As a result of Defendant Valfilm's defective product, Scholle suffered losses, liabilities, claims, and damages.

73. Scholle demanded indemnity from Valfilm in compliance with the agreement.

74. Valfilm failed to indemnify Scholle as it was required to do under the terms of the agreement.

75. As a result of Valfilm's breach of the agreement by failing to indemnify Scholle, Plaintiffs suffered damages in an amount to be determined at trial but believed to be in excess of $1,765,000.

WHEREFORE, Plaintiffs hereby request that this Court grant Judgment in favor of Plaintiffs against Defendant Valfilm, awarding Plaintiffs recoverable damages, plus pre-judgment interest, post-judgment interest, attorney fees and all costs of this litigation, and for trial by jury and all other remedies this Court deems appropriate.

| | |
|---|---|
| Date: March 15, 2018 | Respectfully Submitted, |
| | /s/Alexander I. Passo<br>Alexander I. Passo (No. 6317519)<br>Patterson Law Firm, LLC<br>One N. LaSalle St., Suite 2100<br>Chicago, IL 60602<br>(312) 223-1699<br>Fax: (312) 223-8549<br>apasso@pattersonlawfirm.com |
| | Attorneys for Plaintiff |

## JURY DEMAND

NOW COME Plaintiffs, Scholle IPN Packaging, Inc. and Liberty Surplus Insurance Corporation, as subrogee of Scholle IPN Packaging, Inc., by and through their attorneys, Patterson Law Firm, LLC, and hereby demand this matter be set for trial by jury.

Date: March 15, 2018

Respectfully Submitted,

/s/Alexander I. Passo
Alexander I. Passo (No. 6317519)
Patterson Law Firm, LLC
One N. LaSalle St., Suite 2100
Chicago, IL 60602
(312) 223-1699
Fax: (312) 223-8549
apasso@pattersonlawfirm.com

Attorneys for Plaintiff